IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KIPP DC** <br> 2600 Virginia Avenue, N.W. <br> Suite 900 <br> Washington, D.C. 20037 <br><br> *Plaintiff,* <br><br> v. <br><br> **Ann Thompson,** <br> on behalf of T.T.[1], a minor <br> 303 Livingston Terrace, S.E. <br> Apartment D <br> Washington, D.C. 20032 <br><br> *Defendant.* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. _____ |

## COMPLAINT

Plaintiff KIPP DC, by counsel, Carr Maloney P.C., and pursuant to 20 U.S.C. § 1415(i)(2), brings this civil action to appeal the District of Columbia Office of the State Superintendent of Education's Hearing Officer Determination dated May 26, 2017 and in support states the following:

## JURISDICTION

1. This court has original jurisdiction over this matter pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA") and 28 U.S.C. § 1331. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## PARTIES

2. Plaintiff is a non-profit corporation incorporated in Washington, D.C. that operates District of Columbia public charter schools as its own Local Educational Agency ("LEA").

---

[1] The minor is referred to as T.T. in accordance with LCvR 5.4(f)(2).

3. T.T. is a minor student who began attending a school in Plaintiff's LEA for the 2016-2017 school year and has been identified as a student eligible to receive special education and related services under the IDEA.

4. Ann Thompson is the grandmother and legal guardian of T.T.

## FACTUAL ALLEGATIONS

5. T.T. is eligible for special education services under the IDEA due to an Attention Deficit Hyperactivity Disorder ("ADHD") diagnosis.

6. T.T. has asserted that his ADHD manifests itself through impaired executive functioning, which inhibits his ability to plan, anticipate and weigh consequences, and regulate emotions.

7. KIPP DC provides T.T. services in accordance with an individualized education program ("IEP"), last amended January 27, 2017, consisting of specialized instruction, behavioral support services, and speech-language services all of which are provided outside the general education setting.

8. On September 21, 2016, Plaintiff's employees discovered that T.T. brought a four-and-a-half-inch steak knife to school in his backpack. T.T. was disciplined for violating KIPP DC's code of conduct, subject to the limitations of the IDEA.

9. On March 24, 2017, Plaintiff's employees again discovered that T.T. brought a kitchen knife to school, this time meticulously wrapped in his jacket in an attempt to evade implemented bag checks. T.T. was immediately suspended pending a disciplinary hearing.

10. T.T. demonstrated conduct and functioning inconsistent with the documented way in which his ADHD manifests itself by planning and executing this premeditated plan to bring a knife to school. T.T.'s premeditated conduct and functioning includes, for example, expressing

his plan to bring a kitchen knife to school to classmates, wrapping the kitchen knife to avoid cutting himself, concealing the kitchen knife in his jacket to avoid detection during backpack checks both at home and school, and further attempting to evade discovery of the kitchen knife during a search of his bag at school.

11. On March 29, 2018, in accordance with the IDEA's procedural safeguards under 20 U.S.C. § 1415, Plaintiff convened a Manifestation Determination Review ("MDR") to determine whether the March 24, 2017 incident of T.T. bringing a knife to school was a manifestation of his ADHD.

12. The final decision of the MDR was that T.T.'s conduct was not a manifestation of his ADHD.

13. On March 30, 2017, in accordance with Plaintiff's disciplinary procedures applicable to students without disabilities, T.T. was expelled from school.

14. In accordance with §§ 1415(k)(1), T.T. was placed in an interim alternative educational and continued to receive services consistent with his IEP.

15. On April 10, 2017, an expulsion appeal hearing was held and the discipline was upheld by a Notice of Discipline Appeal Hearing Outcome issued April 12, 2017.

16. On April 24, 2017, Thompson filed a Due Process Complaint against Plaintiff and a Due Process Hearing ("DPH") was held May 11, 2017 before an impartial hearing officer ("IHO").

17. Thompson presented a single issue for the IHO's determination at the DPH: Whether Plaintiff denied T.T. a free appropriate public education (FAPE) by failing to determine the March 24, 2017 incident to be a manifestation of T.T.'s disability.

18. On May 26, 2017, the IHO issued a Hearing Officer Determination ("HOD"), finding that KIPP DC failed to provide T.T. a FAPE due to the MDR decision that T.T. bringing a knife to school was not a manifestation of his ADHD.

19. The IHO ordered the following:

   a. The March 24, 2017 incident was a manifestation of T.T.'s disability;

   b. Within seven (7) school days, KIPP DC shall permanently expunge from T.T.'s record all references to expulsion from the March 24, 2017 incident;

   c. Once T.T. has completed a total of 45 days of suspension dating from March 24, 2017, KIPP DC shall permit T.T. to return to KIPP DC;

   d. During T.T.'s 45 days of suspension, KIPP DC shall provide services in an interim alternative educational setting;

   e. Within 30 school days of T.T. returning to KIPP DC following the suspension, KIPP DC shall conduct a functional behavioral assessment and update T.T.'s behavior intervention plan ("BIP") and IEP as appropriate;

   f. KIPP DC shall implement T.T.'s current IEP and BIP pending their revision.

All other relief requested in the complaint was denied.

20. The IHO disagreed with the MDR decision, but provided nothing more than general and conclusory statements as to how the MDR decision affected T.T.'s access to a FAPE.

21. T.T. remained in the interim alternative education setting through the end of the 2016-2017 school year.

22. KIPP DC files this civil action pursuant to § 1415(i)(2), for review of the HOD.

## **COUNT I – INJUNCTIVE RELEIF - LEGAL ERROR IN APPLICATION OF IDEA**

23. Plaintiff incorporates herein paragraphs 1 through 22 by reference.

24. The IHO exceeded her legal authority in reviewing the MDR determination and determining that the results of the MDR denied T.T. a FAPE.

25. The IDEA limits the authority of a hearing officer regarding an appeal of an MDR determination. Such a review only permits the hearing officer "to make a determination" and, in the discretion of the hearing officer, make a limited change of placement. § 1415(k)(3)(B). The statute does not permit the hearing officer to make any other determinations.

26. Even where the statute permits a hearing officer to determine whether a child received a FAPE, the IDEA permits a finding that access to a FAPE was denied for a procedural violation only if such violation either impeded the child's right to a FAPE, significantly impeded the parents' opportunity to participate, or caused a deprivation of educational benefits. § 1415(f)(3)(E).

27. Importantly, the only effect of an MDR determination that a violation of school code is not a manifestation of a child's disability is that the child is subject to the school's relevant disciplinary procedures applicable to children without disabilities. § 1415(k)(1)(C).

28. As a result of her statutorily limited authority, the IHO exceeded her authority by considering and making conclusions regarding T.T.'s right to a FAPE in an appeal of the MDR determination.

29. Even if permitted to consider T.T.'s access to a FAPE, the IHO made nothing more than conclusory statements unsupported by the record that the MDR determination impeded T.T.'s right and caused a deprivation of educational benefit.

30. Such legal conclusions in the HOD are erroneous and not supported by the record before the IHO.

31. By way of example only and not as an exhaustive list:

a. The record does not support a legal conclusion that T.T.'s right to a FAPE was impeded and T.T. was not deprived of educational benefit as he continued to receive services in an interim alternative educational setting throughout the due process complaint procedures consistent with the procedural safeguards of the IDEA. KIPP DC complied with the express authority provided by the IDEA when a student who qualifies for services brings a weapon to school. § 1415(k)(G);

b. The record does not support a legal conclusion that T.T.'s conduct was a manifestation of his ADHD as the conduct was neither caused by, nor had a direct and substantial relationship to T.T.'s ADHD diagnosis. § 1415(k)(1)(E)(i)(I);

c. The record does not support a legal conclusion that T.T.'s conduct was a manifestation of his ADHD as the conduct was not a direct result of KIPP DC's failure to implement T.T.'s IEP. § 1415(k)(1)(E)(i)(II).

Therefore, this court should reverse the HOD due to legal error and declare that T.T.'s conduct was not a manifestation of his ADHD.

**COUNT II – INJUNCTIVE RELIEF - CLEAR ERROR IN APPLICATION OF IDEA**

32. Plaintiff incorporates herein paragraphs 1 through 31 by reference.

33. The factual conclusions in the HOD are erroneous and not supported by the record before the IHO.

34. By way of example only and not as an exhaustive list:

      a.  The record does not support a finding that T.T. made multiple impulsive decisions that led to his ultimate goal to bring a kitchen knife to school for a specific purpose; rather, the record demonstrates that T.T. planned and executed actions to bring a weapon to school and evade specific safeguards in place to prevent such conduct;

      b.  The record does not support a finding that regular checks of T.T.'s bag were not implemented; rather, the record demonstrates that T.T.'s bag was checked at home and his guardian witnessed checks at school;

      c.  The record does not support a finding that regular bag checks would have deterred T.T. from bringing a kitchen knife to school; rather, the record demonstrates that T.T. actively took steps to avoid the bag checks that were conducted both at home and at school on March 24, 2017;

      d.  The record does not support a finding that T.T. did not learn lessons from the previous September, 2016 incident; rather, the record demonstrates that T.T. learned the safeguards implemented in an attempt to prevent him from bringing a weapon to school and learned how to evade such safeguards;

      e.  The record does not support a finding that T.T. was not receiving reinforcement of lessons through counseling in accordance with his IEP; rather, the record demonstrates that KIPP DC counseling addressed the express goals in the IEP: strategies to address compliant behavior and coping skills to address difficulties with peers.

Therefore, this court should reverse the HOD due to clear error in factual findings not supported by the record and declare that T.T.'s conduct was not a manifestation of his ADHD.

**RELIEF**

WHEREFORE, Plaintiff KIPP DC respectfully requests this court enter an order declaring that the Independent Hearing Officer exceeded her authority in determining that KIPP DC's manifestation determination deprived T.T. of a FAPE and that the Hearing Officer Determination finding that T.T.'s conduct in bringing a kitchen knife to school was a manifestation of his ADHD is not supported by the record.

Accordingly, KIPP DC further requests that this court enter an order that reverses and vacates the Hearing Officer Decision, dated May 26, 2017, and declares that T.T.'s conduct was not a manifestation of his ADHD and, therefore, T.T. is subject to KIPP DC's disciplinary procedures as applicable to students without disabilities.

Furthermore, KIPP DC requests attorneys' fees, costs, and interest associated with this litigation and all other relief this court deems just and proper.

KIPP DC
By Counsel

*/s/ Bernard G. Dennis, III*
Matthew D. Berkowitz, #974170
Bernard G. Dennis, III #1028633
CARR MALONEY P.C.
2020 K Street, N.W.
Suite 850
Washington, D.C. 20006
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
mb@carrmaloney.com
bgd@carrmaloney.com
